**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 14 2000**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

ORLANDO DUDLEY,

     Petitioner-Appellant,

v.

STATE OF KANSAS,

     Respondent-Appellee.

No. 00-3088
(D.C. No. 98-CV-3132)
(Kansas)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, Chief Judge, **EBEL**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Orlando Dudley appeals from the denial of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, and seeks a certificate of appealabilty. We deny his request for the certificate and dismiss his appeal.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In 1995 Mr. Dudley pled guilty in state court to involuntary manslaughter and battery of a law enforcement officer. He subsequently brought numerous claims for post-conviction relief in state courts, which were all denied primarily on state procedural grounds. His appeals were either dismissed or voluntarily withdrawn.[**] He also went through approximately four public defenders, at least three of whom he apparently fired.

Mr. Dudley eventually filed this action seeking a writ of habeas corpus. The district court determined the petition was subject to dismissal based on Mr. Dudley's procedural default in the state courts, and ordered Mr. Dudley to show cause why his petition should not be dismissed. In response, Mr. Dudley did not dispute his procedural default in state court, but sought to overcome it by claiming the "fundamental miscarriage of justice" exception to the operation of the procedural bar, contending he is factually innocent of the crimes. *See Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). The district court denied the

---

[**] The state claims and their dispositions, as set forth in Mr. Dudley's brief, are as follows. On April 1, 1996, he filed an application for state post-conviction relief that was denied as conclusory. He appealed claiming ineffective assistance of habeas counsel and the appeal was denied. On May 15, 1997, he filed a second state habeas petition that was denied as successive. He filed an appeal but voluntarily withdrew it. On January 6, 1998, he filed a third state habeas petition claiming ineffective assistance of habeas counsel that was denied as successive. His appeal was again voluntarily withdrawn. On April 4, 1998, he filed a fourth state habeas petition directly with the state court of appeals that was denied as successive.

petition unpon concluding that Mr. Dudley's response contained neither a colorable showing of factual innocence, nor sufficient cause and prejudice to excuse his procedural defaults.

On appeal, Mr. Dudley again asserts his factual innocence. He claims that witnesses, arresting officers, and investigators all lied to implicate him in the crimes. He also contends that statements he made during his guilty plea and/or presentence investigation regarding the motive for and circumstances of the homicide were made "in jest". Finally, Mr. Dudley requests DNA testing and other physical evidence, speculating that it will prove his innocence.

The district court declined to grant Mr. Dudley a certificate of appealability and Mr. Dudley renews his application for a certificate before this court. Because this appeal was initiated in March of 2000, the right to appeal is "governed by the certificate of appealability (COA) requirements now found at 28 U.S.C. § 2253(c)." *Slack v. McDaniel*, 120 S. Ct. 1595, 1600 (2000). When, as here,

> the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.* at 1600-01. The Court held that both showings must be made, *id*. at 1604, and that a court may dispose of an application for habeas relief by resolving "the issue

-3-

whose answer is more apparent from the record and arguments," *id*. Courts are allowed and encouraged to resolve procedural issues first. *Id.* Accordingly, we turn to the propriety of the district court's ruling that Mr. Dudley's claims are barred by his failure to show either cause and prejudice for his procedural defaults in state court or factual innocence.

Mr. Dudley has not disputed his procedural default, either in district court or on appeal. His showing of factual innocence consists of numerous conclusory statements to the effect that all relevant evidence was withheld, all witnesses lied, he was prepared to give exculpatory testimony, and his various attorneys betrayed him. Given Mr. Dudley's guilty plea, these sweeping, conclusory, and self-serving arguments do not establish a colorable claim of factual innocence. The district court's dismissal on procedural grounds is thus neither debatable nor incorrect.

Accordingly, Mr. Dudley's request for a certificate of appealability is **DENIED**, and his appeal is **DISMISSED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

-4-